UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――x

In re: Hi-Crush Partners LP Securities Litigation        12 Civ. 8557 (CM)


―――――――――――――――――――――――――x

**ORDER**

McMahon, J.:

      At a hearing on Friday, February 8, 2013, the Court read a decision into the record with respect to (1) the consolidation of a number of related securities cases stemming from the initial public offering of Hi-Crush Partners LP, (2) appointment of a lead plaintiff, and (3) appointment of lead counsel. After reading the decision into the record, the Court learned that Movants Arthur and Denise Moxon (the "Moxons") had not yet submitted their opposition to the appointment of the HITE hedge fund entities as lead plaintiff and their attorneys, Kirby McInerney LLP, as lead counsel. Having reviewed that opposition, as well as the HITE entities' reply, the Court's decision of February 8, 2013 stands.

      Accordingly, 12 Civ. 8557 and 12 Civ. 9212 are consolidated for all purposes under the above caption and docket number. The other related actions, 12 Civ. 8574 and 12 Civ. 8610 (NRB), having been voluntary dismissed, are not consolidated into this action.

      The HITE entities and Kirby McInerney LLP are hereby appointed lead plaintiff and lead counsel, respectively. To address the issues raised in the Moxons' opposition, the Court notes the following:

      First, even assuming that the HITE entities incorrectly calculated their financial interest in this case, there is no dispute that that miscalculation is still larger than the Moxons' financial interest. Thus, there is still a presumption in favor of appointing the HITE entities as the lead plaintiff under the PSLRA. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Moreover, minor computational errors in a movant's loss chart do not disqualify a movant that plainly has the largest financial interest. *See In re American Bus. Fin. Servs., Inc.*, No. Civ. A. 04-0265, 2004 WL 1221353, at *3 (E.D. Pa. June 3, 2004); *Ferrari v. Gisch*, 225 F.R.D. 559, 605 (C.D. Cal. 2004). This Court's decision in *Bhojwani v. Pistolis* does not hold differently. There, the movant was disqualified as lead plaintiff because there were *discrepancies* in the movant's various submissions of its alleged trade data, not because the movant had miscalculated its losses. No. 06 Civ. 13761, 2007 U.S. Dist. LEXIS 96246, *11-13 (S.D.N.Y. July 31, 2007). Here, the Moxons do not dispute the accuracy of the trade data submitted by the HITE entities. Furthermore, the computational error identified by Moxon works against them, because it

*undercounts* the HITE entities' damages, rendering the Moxons even further behind in the "largest financial interest" category.

Second, the Moxons argue that the HITE entities' second named counsel (*see* Press Decl., Ex. 2 at ¶ 2) undermines the HITE entities' ability to fairly represent the class, because they identify one lawyer (Richard L. Stone, Esq.) who will serve as co-counsel. This Court has appointed Kirby McInerney as lead counsel. I rarely, if ever, appoint co-counsel in a securities fraud case, in order to keep fees down, and I am unlikely to do so here. As far as the Court is concerned, Kirby McInerney is the *only* lead counsel, and thus will be the only law firm to be compensated. If Kirby McInerney feels that it cannot represent the class adequately alone, the Court may need to reconsider the appointment of lead counsel.

Third, the Moxons argue that the HITE entities are an impermissible group under the PSLRA. This argument is without merit for the reasons set forth in the February 8, 2013 decision.

The Clerk of Court is directed to remove the motions at Docket 12 Civ. 8557 Nos. 12, 15, 23, and 29 from the Court's list of pending motions.

Dated: February 11, 2013

_____
U.S.D.J.

BY ECF TO ALL COUNSEL