USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: HI-CRUSH PARTNERS L.P. SECURITIES LITIGATION | Civil Action No. 12-Civ-8557 (CM) |

## PRELIMINARY APPROVAL ORDER

**WHEREAS**, a consolidated class action is pending in this Court, captioned *In re Hi-Crush Partners, L.P. Securities Litigation*, 12 Civ. 8557 (CM) (the "Consolidated Action");

**WHEREAS**, (i) Lead Plaintiffs HITE Hedge LP and HITE MLP LP (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) Defendants Hi-Crush Partners LP ("Hi-Crush" or the "Partnership"), Hi-Crush GP LLC ("Hi-Crush GP"), Robert E. Rasmus, James M. Whipkey, Laura C. Fulton, and Jefferies V. Alston, III (collectively, "Defendants") have entered into the Stipulation of Settlement dated September 12, 2014 ("Stipulation"), providing for the settlement of the Consolidated Action[1] and release of all Released Claims and Released Defendants' Claims, which include Unknown Claims, on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

**WHEREAS**, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Consolidated Action in accordance with the Stipulation, which, together with the documents referenced therein, sets forth the terms and conditions for the proposed Settlement and dismissal of the claims alleged in the Consolidated Action against the Defendants with prejudice upon the terms and conditions set forth in the Stipulation; and the Court having considered the Stipulation and

---

[1] All capitalized terms used herein shall have the same meaning as they have in the Stipulation.

1

the accompanying documents, and all other pleadings herein; and the Parties to the Stipulation having consented to entry of this Order; and

**WHEREAS**, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the Exhibits annexed thereto, and after due deliberation,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.    **Preliminary Certification of Settlement Class**.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, this Consolidated Action is hereby preliminarily certified as a class action with respect to all pending claims, on behalf of a Settlement Class consisting of Plaintiffs and any and all persons or entities that purchased or otherwise acquired Hi-Crush units during the period beginning on and including September 25, 2012 through and including November 12, 2012 (the "Class Period"), including any and all of their respective successors-in-interest, predecessors, legal representatives, trustees, executors, administrators, heirs, assignees, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, but excluding Defendants, the officers and directors of the Partnership, members of the Individual Defendants' immediate families, and any Person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has, had, or will have a controlling interest or which is related to or affiliated with, through ownership of a controlling interest or common ownership of a controlling interest, Defendants' immediate families, Defendants' legal representatives, heirs, successors, administrators, and assigns.

2.    The Court preliminarily finds, for purposes of the Stipulation and the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so

numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are provisionally certified as Class Representatives and Lead Counsel is provisionally appointed as counsel for the Settlement Class.

4.      **Preliminary Approval of the Settlement**.   The Court hereby preliminarily approves the Stipulation, including all Exhibits thereto, and the Settlement set forth therein, and preliminarily finds that the Settlement is sufficiently fair, reasonable, adequate, and adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing**.   The Court will hold a settlement hearing (the "Settlement Hearing") on _Dec 19_, 2014 at _9:30_ a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 17C, New York, New York, for the following purposes: (a) to determine whether, for settlement purposes only, the Court's preliminary certification of the Settlement Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure should be made final; (b) determine whether Plaintiffs may be designated as class representatives and Lead Counsel may be designated as counsel to the Settlement Class; (c) determine whether the Court should grant final approval of the proposed

Settlement on the terms and conditions provided for in the Stipulation as fair, reasonable, and adequate and in the best interest of the members of the Settlement Class; (d) whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Consolidated Action and the Released Claims as to the Released Persons with prejudice as against Plaintiffs and the Settlement Class, releasing the Released Claims, and barring and enjoining prosecution of any and all Released Claims; (e) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; (f) to determine whether the Fee and Expense Application should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraphs 9 and 10 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the affected Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Approval of Form and Content of Notice**. The Court: (a) approves, as to form and content, the Notice of Pendency of Class Action, Proposed Settlement of Class Action, and Settlement Hearing (the "Notice"), the Summary Notice, and the Claim Form, attached hereto as Exhibits A-1, A-2, and A-3, respectively; and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 10 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Consolidated Action, the effect of the proposed Settlement (including the releases contained therein), and of their right to object to the

proposed Settlement, exclude themselves from the Settlement Class, and appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

8.      **Selection of Claims Administrator**. Lead Counsel is hereby authorized to retain a claims administrator (the "Claims Administrator") in connection with the Settlement to supervise and administer the notice and claims procedures. The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

9.      **Manner of Notice**. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

within five (5) calendar days following entry of this Order, Hi-Crush shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Plaintiff, Lead Counsel, or the Claims Administrator) a copy of its unit transfer records report, in electronic form;

within fourteen (14) calendar days following receipt of the unit transfer records report from Hi-Crush, the Claims Administrator shall cause a copy of the Notice to be mailed by United States mail, postage prepaid, to all members of the Settlement Class who can be identified with reasonable effort, at their last known addresses appearing in the unitholder transfer records maintained by or on behalf of Hi-Crush (the "Notice Date");

within 14 calendar days of the Notice Date, Lead Counsel shall cause the

Summary Notice to be published in *Investor's Business Daily* and transmitted over the national circuit of *Business Wire*. Proof of publication of the Summary Notice shall be filed prior to the Settlement Hearing and served on all counsel of record; and

not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10.    The Court reserves the right to enter the Final Approval Order and Judgment approving the Settlement and dismissing the Consolidated Action with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

11.    **Broker and Nominee Procedures**. Brokers and other nominees who purchased or acquired Units during the Class Period for the benefit of another Person shall be requested to forward the Notice and Claim Form (together, the "Notice Packet") to all such beneficial owners within five business days after receipt thereof, provide written confirmation to the Claims Administrator of such transmittal, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within five (5) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. The Claims Administrator shall provide brokers or nominees with additional copies of the Notice Packet upon request. Upon full compliance with this Order, such brokers or nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Gross Settlement Fund in accordance with the provisions of the Stipulation.

12.    **Participation in the Settlement**.  Class Members who wish to participate in the Settlement and receive a distribution from the Net Settlement Fund must complete and submit the Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than 120 calendar days after the Notice Date.  Each Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims provided that such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.

13.    The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel and the Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (iv) the Claim Form must be complete, and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

14. By submitting a Claim Form, a Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure; *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of the Consolidated Action or this Settlement in connection with the processing of Claim Forms.

15. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Consolidated Action relating thereto, including, without limitation, the Final Approval Order and Judgment and the releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be fully and forever barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Defendants and Released Parties as defined in the Stipulation, as more fully described in the Notice.

16. **Exclusion from the Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class shall mail the request in written form, by first-class mail and postmarked no later than 21 calendar days before the scheduled date of the Settlement Hearing discussed in Paragraph 5, to the address specified in the Notice. The request for exclusion must be signed by such person or his, her, or its authorized representative and shall include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of

8

Units the Person purchased or acquired during the Class Period along with the dates and prices of such purchase(s) or acquisition(s), and the number of Units the Person sold during the Class Period along with the dates and prices of such sales; and (c) a statement that the Person wishes to be excluded from the Settlement Class. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Any Settlement Class member who fails to timely or properly opt-out, or whose request to opt out is not otherwise accepted by the Court, shall be deemed a Class Member, and shall be deemed by operation of law to have released all Released Claims against the Released Parties.

17.     Any Person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is thereby excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any other orders or judgments in the Consolidated Action, and shall have no right to receive any payment from the Net Settlement Fund.

18.     **Appearance and Objections**. Any Settlement Class Member who does not request exclusion may enter an appearance in the Consolidated Action, at his, her, or its own expense, individually or through counsel of his, her, or its choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

19.     Attendance at the Settlement Hearing is not mandatory. Notwithstanding, any Settlement Class Member who does not timely and properly exclude him, her, or itself from the Settlement Class may appear and show cause at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement and the Final Approval Order and Judgment entered thereon, the Plan of Allocation,

and the Fee and Expense Application submitted by Lead Counsel. However, no Settlement Class Member shall be heard in opposition to the Settlement and the Final Approval Order and Judgment entered thereon, the Plan of Allocation, and the Fee and Expense Application. Further, no paper or brief submitted by any such Person in opposition to any of the above shall be received or considered by the Court unless on or before 21 calendar days before the scheduled date of the Settlement Hearing in Paragraph 5, that Person submits a written statement of objection and copies of any papers or briefs to be presented to the Court in support of the objection to:

| Clerk's Office | Defendants' Counsel | Lead Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>Re: *In re Hi-Crush Partners L.P. Securities Litigation*, Case No. 12 Civ. 8557 (CM) | Michael C. Holmes, Esq.<br>Vinson & Elkins L.L.P.<br>2001 Ross Avenue,<br>Suite 3700<br>Dallas, TX 75201 | Ira M. Press, Esq.<br>Thomas W. Elrod, Esq.<br>Beverly T. Mirza, Esq.<br>Kirby McInerney LLP<br>825 Third Avenue,<br>16th Floor<br>New York, NY 10022 |

20. Such an objection must also include the name, address, and telephone number of the Person objecting, as well as a proof of purchase or acquisition of Units during the Class Period. Any member of the Settlement Class who fails to object in the manner prescribed above shall be deemed to have waived, and shall forever be foreclosed from raising any objections to the fairness, reasonableness, or adequacy of the Settlement.

21. The Parties may take discovery of Persons who submit objections, including deposition and document discovery, on issues related to the objection. Failure by an objector to make himself, herself, or itself reasonably available for a deposition or to comply with discovery requests may result in the Court striking the objection and/or otherwise denying that Person the opportunity to make an objection or be further heard. The Court reserves the right to tax the

10

costs of any such discovery to the objector or the objector's separate counsel should the Court determine that the objection is frivolous or made for an improper purpose. The Court may, in its discretion, order any objector who subsequently files a notice of appeal to post an appropriate appellate bond.

22. **Stay**. All proceedings relating to the Settlement Class in the Consolidated Action, except as set forth in the Stipulation, are stayed until further order of this Court. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, Plaintiffs and members of the Settlement Class, either directly, representatively, or in any other capacity, shall not institute, commence, or prosecute any other proceedings, other than those incident to the Settlement itself, against Defendants and any of the Released Parties in any action or proceeding in any court or tribunal.

23. **Settlement Administration Fees and Expenses**. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation without further order of the Court.

24. **Settlement Funds**. All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes**. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect

thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination**. If the Settlement is terminated, is not approved by this Court, or the Effective Date does not occur, then this Order shall become null and void and shall be without prejudice to the rights of Plaintiffs, Settlement Class Members, and Defendants, all of whom shall be restored to their respective positions with respect to the Consolidated Action, as provided for in the Stipulation.

27. **Use of this Order**. Neither the Stipulation nor the Settlement set forth therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is, or shall be deemed to be, or shall be used as an admission of any Defendant, any Released Party, or any other Person of the validity of any Released Claims, or any wrongdoing by or liability of any Defendant or Released Party; (ii) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Defendant or any Released Party in any statement, release, or written documents issued, filed, or made; (iii) shall be offered or received in evidence against any Defendant or Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth therein, the releases provided pursuant thereto, and/or the Final Approval Order, except that the Stipulation may be filed in the Consolidated Action or in any subsequent action brought against any of the Defendants, their insurers, and/or any of the Released Parties in order to support a defense or counterclaim of any Defendant and/or any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific

12

performance of the Settlement embodied in the Stipulation as injunctive relief; (iv) shall be construed against the Defendants, Released Parties, Plaintiffs, and members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (v) shall be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs and members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable in the Consolidated Action would not have exceeded the Gross Settlement Fund.

28.    **Supporting Papers**.    Plaintiffs' Counsel's opening briefing in support of approval of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application shall be served and filed no later than 35 days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than 7 calendar days prior to the Settlement Hearing.

29.    The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

Dated: /6 Sept        , 2014

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE

13